UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LEONARD K. TYSON, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>NATIONSTAR MORTGAGE LLC, et al.,<br><br>    Defendants. | Case No. 15-cv-01548-BLF<br><br>**ORDER GRANTING DEFENDANTS REAL TIME RESOLUTIONS, INC.'S AND NATIONSTAR MORTGAGE LLC'S MOTIONS TO DISMISS**<br><br>[Re: ECF 22, 23] |

Defendants Real Time Resolutions, Inc.'s ("Real Time") and Defendant Nationstar Mortgage LLC's ("Nationstar") filed motions to dismiss the complaint filed by Plaintiffs Leonard K. Tyson and Mary Ann Tyson, individually and as trustees of the Leonard K. Tyson and Mary Ann Tyson Trust ("Plaintiffs") alleging violations of the Federal Truth in Lending Act . ECF 22, 23.  The Court, having considered the briefing submitted by the parties and the oral argument presented at the hearing on November 5, 2015, GRANTS WITH LEAVE TO AMEND Real Time's and Nationstar's motions to dismiss.

I.  **BACKGROUND**

The following information is taken from Plaintiffs' Complaint and Nationstar's request for

judicial notice ("RJN").[1] On July 11, 2005, Plaintiffs obtained two mortgage loans, in the amounts of $3,000,000 and $500,000, to refinance their principal place of residence located at 13501 Paseo Del Roble Drive, Los Altos, California 94022 ("Property"). Compl. ¶ 1. America's Wholesale Lender ("AWL"), a subsidiary of Countrywide Home Loans, was the original lender of the two loans. *Id*. at ¶ 2.

On January 31, 2008, Plaintiffs, through counsel, sent a letter to AWL accusing it of violating the Federal Truth in Lending Act ("TILA") and demanding rescission of their loans. *Id*. at ¶ 5; *see also* Exh. A to Compl., ECF 1-1. According to Plaintiffs, AWL provided them with only four copies of a Notice of Right to Cancel instead of the eight copies required by TILA. Exh. A. to Compl. at 1-2, ECF 1-1. Plaintiffs also allege that the four copies of the Notice of Right to Cancel were defective because they did not indicate when the three-day cancellation began or the final date to cancel the loans. *Id*. at 2. On February 20, 2008, Countrywide Home Loans ("Countrywide") denied Plaintiffs' request to rescind their loans. Exh. B to Compl at 1, ECF 1-1. In its response to Plaintiffs, Countrywide enclosed a form that was signed, dated, and initialed by Plaintiffs acknowledging receipt of the required notices and disclosures under TILA. *Id*. Countrywide also indicated that if Plaintiffs had additional information, they would consider reopening Plaintiffs' claim to rescind the mortgage. *Id*.

At some time after February 20, 2008, Bank of America, N.A. ("Bank of America") acquired Countrywide. Compl. ¶¶ 2, 6. Plaintiffs allege that Bank of America is the current beneficial owner and Nationstar is the servicer of the $3,000,000 loan. *Id*. Plaintiffs believe that Bank of America sold or assigned the $500,000 loan to Bank of New York Mellon after learning that Plaintiffs had attempted to rescind that loan. *Id*. Plaintiffs allege that Bank of New York Mellon is the current beneficial owner and Real Time Resolutions is the servicer of the $500,000 loan. *Id*.

On January 22, 2014, Nationstar commenced a judicial foreclosure action of the $3,000,000 loan in the Superior Court of Santa Clara County. Exh. 9 to RJN, ECF 24-2. After

---

[1] For the reasons explained *infra* at Section II.C, the Court GRANTS Nationstar's request for judicial notice.

Plaintiffs filed a demurrer, Nationstar filed a first amended complaint on March 20, 2014. *Id.*; *see also* Exh. 10 to RJN, ECF 24-3, 24-4. On June 13, 2014, Plaintiffs filed a cross-complaint against Nationstar alleging violations of (1) a prior bankruptcy discharge by Plaintiffs, (2) TILA, and (3) the Home Affordable Modification Program. Exh. 12 to RJN at 5, ECF 24-5. In response to the cross-complaint, Nationstar filed a demurrer on August 13, 2014. Exh. 9 to RJN at 2, ECF 24-2. On September 16, 2014, the Santa Clara County Superior Court sustained Nationstar's demurrer to the cross-complaint without leave to amend. Exh. 13 to RJN at 15, ECF 24-5. Thereafter, Nationstar dismissed its first amended complaint without prejudice. Exh. 9 to RJN at 2, ECF 24-2. On April 2, 2015, Plaintiffs brought this action seeking to rescind the two loans pursuant to TILA, declaratory relief, and quiet title. *See generally* Compl., ECF 1-1.

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) concerns what facts a plaintiff must plead on the face of the complaint. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Any complaint that does not meet this requirement can be dismissed pursuant to Rule 12(b)(6). A "short and plain statement" demands that a plaintiff plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

### B. Leave to Amend

Under Rule 15(a), a court should grant leave to amend "when justice so requires," because "the purpose of Rule 15…[is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). A court may deny leave to amend for several reasons, including "undue delay, bad faith, . . . [and] futility of

amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### C.  Requests for Judicial Notice

In ruling upon a motion to dismiss under Rule 12(b)(6), "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Harris v. Amgen, Inc.*, -- F. 3d --, No. 10-56014, 2015 WL 3372373, at *17 (9th Cir. May 26, 2015) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). A court may take judicial notice of "matters of public record outside the pleadings." *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988). A court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions," despite such documents not being physically attached to the pleadings. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (quoting *In Re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 2002)).

Nationstar requests judicial notice of thirteen exhibits: (1) Deed of Trust for the $3,000,000 loan; (2) Deed of Trust for the $500,000 loan; (3) Assignment of Deed of Trust for the $3,000,000 loan; (4) Corporate Assignment of Deed of Trust for the $3,000,000 loan dated October 21, 2013; (5) Corporate Assignment of Deed of Trust for the $3,000,000 loan dated March 10, 2015; (6) court docket from Plaintiffs' bankruptcy proceeding in the U.S. Bankruptcy Court for the Northern District of California; (7) Substitution of Trustee dated August 24, 2012; (8) Notice of Default and Election to Sell Under Deed of Trust; (9) court docket from case *Nationstar v. Tyson, et al.*, Case No. 1-14-CV-259457, Superior Court of Santa Clara; (10) First Amended Complaint from *Nationstar v. Tyson, et al.*, Case No. 1-14-CV-259457, Superior Court of Santa Clara; (11) Order Re: Defendants' Demurrer to the Complaint and Motion to Strike Portions of the Complaint from *Nationstar v. Tyson, et al.*, Case No. 1-14-CV-259457, Superior Court of Santa Clara; (12) Cross-Complaint for Damages and Equitable Relief from *Nationstar v. Tyson, et al.*, Case No. 1-14-CV-259457, Superior Court of Santa Clara; (13) Order Re: Demurrer to the Cross-Complaint from *Nationstar v. Tyson, et al.*, Case No. 1-14-CV-259457, Superior Court of Santa Clara. RJN 2-4, ECF 24. Plaintiffs do not object to Nationstar's request for judicial notice of exhibits 1-2, 6, and

13. Pls.' Opp. 8-12, ECF 34. Plaintiffs object to exhibits 3-5 and 7 for three reasons. *Id*. at 8-11. First, they claim there are conflicts between these exhibits and documents filed with the SEC. *Id*. Second, Plaintiffs argue that New York trust law allows them to challenge the validity of the assignments in these exhibits, and finally, Plaintiffs claim the California Supreme Court is considering whether or not they can challenge the validity of the assignments in these exhibits. *Id*. Plaintiffs object to exhibit 8 because there is no evidence that Reconstruct had the power to record the notice of default. *Id*. at 11. As to exhibits 9-12, Plaintiffs do not object to taking judicial notice of the pleadings but do object to taking judicial notice of the truth of the allegations set forth in the pleadings. *Id*. at 9-12.

The Court finds that judicial notice is appropriate as to the existence of all thirteen exhibits. Exhibits 1-5 and 7-8 are public records that are recorded in the Santa Clara County Recorder's Office. Exhibits 6 and 9-13 are court documents that are matters of public record. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006). Since the request for judicial notice is to the existence of these documents and not to the truth of their contents, the Court OVERRRULES Plaintiffs' objections and GRANTS Nationstar's request for judicial notice as to all thirteen exhibits.

### III. DISCUSSION

Plaintiffs' Complaint contains causes of action for violations of TILA, declaratory relief, and quiet title. The Court discusses each cause of action in turn.

#### A. Violations of TILA

Real Time and Nationstar argue that they are not liable because TILA does not impose liability on servicers for disclosure violations. Real Time Mot. 4-5, ECF 22-1; Nationstar Mot. 12, ECF 23. Nationstar also argues that Plaintiffs are barred by res judicata from bringing this lawsuit against them. Nationstar Mot. 5-7, ECF 23. Plaintiffs do not dispute that servicers are not liable under TILA but claim that since there is no evidence regarding the nature of Real Time's and Nationstar's roles with respect to the loans, they cannot be dismissed as parties. Pls.' Opp. 15-16, ECF 34. Plaintiffs also argue that Real Time and Nationstar are necessary parties to this lawsuit under Fed. R. Civ. P. 19(a) because Nationstar has the ability to foreclose on the property and a

5

servicer could file a negative credit report against Plaintiffs. *Id*. at 16-17. Finally, Plaintiffs claim that res judicata does not bar this lawsuit against Nationstar. *Id*. at 13-14. The Court first addresses whether a loan servicer is liable under TILA, then turns to whether Real Time and Nationstar are necessary parties, and lastly analyzes whether res judicata bars this action against Nationstar.

Under TILA, a loan servicer is not liable for disclosure violations unless the loan servicer owned the loan obligation at some point. 15 U.S.C. § 1641(f); *see also Arostegui v. Bank of America*, 13-CV-6009-PJH, 2014 WL 1230762, at *3 (N.D. Cal. March 21, 2014). Plaintiffs have not alleged that Real Time and Nationstar owned the loan obligations. Contrary to Plaintiffs' assertions, the Court cannot assume, in the absence of allegations or evidence otherwise, Real Time and Nationstar owned the loans. Thus, as currently alleged, Real Time and Nationstar are not liable for disclosure violations under TILA.

As to Plaintiffs' argument about necessary parties, the Court finds that Real Time and Nationstar are not necessary parties to this action. Fed. R. Civ. P. 19(a) provides that a party is necessary if in a "person's absence, the court cannot accord complete relief among existing parties" or "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Here, for two reasons, Plaintiffs have not sufficiently alleged that complete relief cannot be afforded without Real Time and Nationstar's participation in this lawsuit or that Real Time and Nationstar have an interest in this lawsuit. First, if Plaintiffs are successful on their TILA cause of action and their loans are rescinded, Real Time and Nationstar will no longer have any interest in the loans. Second, Plaintiffs' claim that Real Time and Nationstar have an interest in this action because they could potentially foreclose on the loan or negatively impact Plaintiffs' credit report is speculative. *See Bills v. BNC Mortg., Inc.*, 502 F. Supp. 2d. 773, 775 (N.D. Ill. 2007); *Walker v. Gateway Fin. Corp.*, 286 F. Supp. 2d 965, 969 (N.D. Ill. 2003); *see also White v. Univ. of Cal.*, 765 F.3d 1010, 1029 (9th Cir. 2014) (Under Rule 19(a)(1)(B), "the party's claimed interest must be more than

6

speculative."). Accordingly, the Court finds that Real Time and Nationstar are not necessary parties to this lawsuit.

With respect to res judicata, the Court agrees with Nationstar and finds that res judicata bars this lawsuit against Nationstar. To determine whether res judicata applies to a state court judgment, federal courts must apply the res judicata rules of the state where the judgment arises. *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988). In California, res judicata precludes claims when the "second suit involves: (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015). The Court addresses each requirement in turn.

First, res judicata requires that the second suit involve the same cause of action as the first suit. The Court finds that this requirement is satisfied because both the state cross-complaint and Plaintiff's complaint involve the "same primary right." *Crosby v. HLC Props., Ltd.*, 223 Cal. App. 4th 597, 603 (2014). In the state court action, Plaintiffs sought to rescind the $3,000,000 loan under TILA because of alleged disclosure violations. Exh. 12 to RJN at 9, 10, 12, ECF 24-5. Here, Plaintiffs are also seeking to rescind the $3,000,000 loan because of purported disclosure violations under TILA. Compl. ¶¶ 9-11, ECF 1. Plaintiffs argue that the prior state court action involved different issues because the state court dismissed Plaintiffs' TILA cause of action on a statute of limitations theory that was later rejected by the Supreme Court in *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015). Pls.' Opp. 14, ECF 34. However, contrary to Plaintiffs' argument, a change in law is not a sufficient reason to prevent the application of res judicata. *Slater v. Blackwood*, 15 Cal. 3d 791, 796-97 (1975) (holding that changes in law are "not a ground for equity's intervention. So to hold would be to emasculate, if not wipe out, the doctrine of res judicata because the doctrine is most frequently applied to block relitigation based upon contentions that a law has been changed. Our courts have repeatedly refused to treat the self-evident hardship occasioned by a change in the law as a reason to revive dead actions."). Accordingly, the first prong of res judicata is satisfied.

Second, the parties in the state court proceeding and this action are the same. The state court lawsuit was between Nationstar and Plaintiffs, *see* Exh. 12 to RJN, ECF 24-5, and this

1  motion to dismiss is likewise between the same parties. Plaintiffs argue that this action involves
2  different parties because it includes additional parties such as Real Time Resolutions. Pls.' Opp.
3  15, ECF 34. Plaintiffs are misconstruing Nationstar's argument about the application of res
4  judicata. Nationstar is not seeking to have res judicata bar this entire action but only the action
5  against it. As to Nationstar, the parties are the same and accordingly, this requirement of res
6  judicata is met.

7  Third, the dismissal of the state court cross-complaint without leave to amend is a final
8  judgment on the merits. *See* Exh. 13 to RJN, ECF 24-5. Plaintiffs claim that the dismissal was
9  not a final judgment on the merits because the end of the state court's dismissal order reminded
10 the parties of an upcoming case management conference and because they believe the prior action
11 was resolved by a voluntary dismissal and not a judgment. Pls.' Opp. 14, ECF 34. The Court
12 disagrees with Plaintiffs. Reminding the parties of an upcoming case management conference did
13 not change the fact that the state court dismissed the cross-complaint without leave to amend. As
14 for Plaintiffs' belief that the cross-complaint was resolved by a voluntary dismissal, Plaintiffs have
15 not sufficiently supported this contention. Accordingly, the third prong of res judicata has been
16 met.

17 In summary, the Court finds that Real Time and Nationstar, as servicers, are not liable for
18 disclosure violations under TILA, Real Time and Nationstar are not necessary parties, and res
19 judicata bars this action against Nationstar. Since Plaintiffs have argued that they may be able to
20 allege additional facts regarding the roles of Real Time and Nationstar with respect to the loans
21 and whether or not the state court judgment was a final judgment, the Court GRANTS WITH
22 LEAVE TO AMEND Real Time's and Nationstar's motions to dismiss Plaintiffs' first cause of
23 action for violations of TILA.

24 **B. Declaratory Relief**

25 Plaintiffs' second cause of action is for declaratory relief and seeks a judicial determination
26 of the rights and duties of the parties with respect to the Property. Compl. ¶¶ 12-18. Real Time
27 and Nationstar argue that this cause of action is duplicative of Plaintiffs' cause of action for
28 violations of TILA. Real Time Mot. 5-7, ECF 22-1; Nationstar Mot. 16-17, ECF 23. Plaintiffs

respond that they have properly pled a claim for declaratory relief. Pls.' Opp. 17-19, ECF 34.

"A claim for declaratory relief is unnecessary where an adequate remedy exists under some other cause of action." *Mangindin v. Washington Mut. Bank*, 637 F. Supp. 2d 700, 707 (N.D. Cal. 2009); *see also Concorde Equity II, LLC v. Miller*, 732 F. Supp. 2d 990, 1002-03 (N.D. Cal. 2010). Here, Plaintiffs' declaratory relief claim is duplicative of their TILA rescission claim. If Plaintiffs are successful with their TILA rescission claim, Plaintiffs' claim for declaratory relief would be unnecessary. *See Horton v. Cal. Credit Corp.*, No. 09-cv-274-IEG-NLS, 2009 WL 2488031, at *13-14 (S.D. Cal. Aug. 13, 2009) Accordingly, the Court GRANTS WITHOUT LEAVE TO AMEND Real Time's and Nationstar's motions to dismiss Plaintiffs' second cause of action for declaratory relief.

### C. Quiet Title

Plaintiffs' third cause of action seeks to quiet title to the property. Compl. ¶¶ 19-22. Real Time and Nationstar argue that Plaintiffs have failed to meet the pleading requirements for a quiet title claim. Real Time Mot. 7-8, ECF 22-1, Nationstar Mot. 12-16, ECF 23. Plaintiffs respond that they are entitled to have the liens on their Property removed and a decree of quiet title. Pls.' Opp. 19, ECF 34.

Under Cal. Code Civ. P. § 761.020, a party seeking to quiet title must set forth the following five elements in a "verified complaint": (1) a legal description of the property; (2) the title of plaintiff and its basis; (3) the adverse claims to plaintiff's title; (4) the date as of which the determination is sought; and (5) a prayer for the determination of plaintiff's title against the adverse claims. Here, Plaintiffs have not verified their Complaint, provided a legal description of the property, stated adverse claims to their title held by either Real Time or Nationstar, or stated a date as of which the determination of title is sought. Moreover, in California, borrowers may not seek quiet title without paying the outstanding debt on the property. *Powell v. Wells Fargo Home Mortg.*, 2015 WL 4719660, *11 (N.D. Cal. Aug. 7, 2015) (*citing Miller v. Provost,* 26 Cal. App. 4th 1703, 1707 (1994) ("a mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee")). Plaintiffs have not alleged that they paid the outstanding debt on the Property and have not sufficiently alleged that they offered, and have a meaningful ability, to

pay the outstanding debt. Accordingly, the Court GRANTS WITH LEAVE TO AMEND Real Time's and Nationstar's motions to dismiss Plaintiffs' third cause of action for quiet title.

### IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Real Time's and Nationstar's motions to dismiss Plaintiffs' claim for violating TILA is GRANTED WITH LEAVE TO AMEND.
2. Real Time's and Nationstar's motions to dismiss Plaintiffs' claim for declaratory relief is GRANTED WITHOUT LEAVE TO AMEND.
3. Real Time's and Nationstar's motions to dismiss Plaintiffs' claim for quiet title is GRANTED WITH LEAVE TO AMEND.

Any amended complaint must be filed **on or before** January 18, 2016.

**IT IS SO ORDERED.**

Dated: January 4, 2016

_____
BETH LABSON FREEMAN
United States District Judge